IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| IRA WHITE, | ) Case No. 4:19-cv-00226-TWP-DML |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| VALEO LIGHTING SYSTEMS | ) |
| NORTH AMERICA, INC., | ) |
| | ) |
| Defendant | ) |
| | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S SURREPLY BRIEF**

**INTRODUCTION**

Pursuant to Local Rule 56.1(d), "[i]f, in reply, the moving party relies upon evidence not previously cited or objects to the admissibility of the non-moving party's evidence, the non-moving party may file a surreply brief limited to such new evidence and objections...." Defendant has submitted new evidence and objections within their Reply Brief. [Dkt. 64]. NOW COMES Plaintiff, Ira White ("Mr. White"), by and through his attorneys, Amber K. Boyd and Sarah E. Larimer of Amber K. Boyd Law, for his Response to Defendant's Motion to Strike Plaintiff's Surreply Briefing [Dkt. 71], Plaintiff states as follows:

1. As the 7th Circuit has reiterated in prior caselaw, motions to strike are generally disfavored. Crowder v. Foster Wheeler, LLC, 265 F.R.D. 368, 370 (S.D. Ind. 2009).

2. New arguments and evidence may not be raised for the first time in a reply brief. Reply briefs are for replying, not raising new arguments or arguments that could have been advanced in the opening brief." Reis v. Robbins, 2015 WL 846526, at *2, 2015

1

U.S. Dist. LEXIS 23207, at *5 (S.D. Ind. Feb. 26, 2015). "[T]his serves to prevent the nonmoving party from being sandbagged." *Id.*

3. Courts allow a surreply only in limited circumstances to address new arguments or evidence raised in the reply brief or objections to the admissibility of the evidence cited in the response. See, e.g., id.; Miller v. Polaris Labs., LLC, 2014 U.S. Dist. LEXIS 18161, at *4-5 (S.D. Ind. Feb. 12, 2014).

4. Here, Plaintiff is indeed being 'sandbagged'. Defendant makes numerous new objections and arguments in their reply brief for the first time, including that Mr. White was not ever actually entitled to FMLA leave at the time of his termination, that Mr. White was not, in fact, meeting the defendant's legitimate expectations of employment, and the entirely new defense that Plaintiff has waived his failure to accommodate claim. [Dkt. 64].

5. In addition, Defendant presented additional evidence; Second Declaration of Jeff Thomas and EEOC Charge.

6. Due to these new arguments, objections and evidence; Plaintiff was entitled to file their Surreply Brief [Dkt. 67]., and said Surreply should not stricken from the record.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Honorable Court enter an Order denying Plaintiff's instant Motion to Strike and granting any other relief that is just and proper.

Respectfully submitted,
s/ Amber K. Boyd_____

2

3

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been forwarded via electronic filing, this 21st day of May 2021 to;

**Amy Suzanne Wilson**
Email: awilson@fbtlaw.com

                              s/ Amber K. Boyd
                              AMBER K. BOYD, #31235-49