## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | |
|---|---|
| IRA WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-00226-TWP-DML |
| | ) |
| VALEO LIGHTING SYSTEMS NORTH | ) |
| AMERICA, INC, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO STRIKE PLAINTIFF'S SURREPLY

This matter is before the Court on Defendant Valeo Lighting Systems North America, Inc.'s ("Valeo") Motion to Strike Plaintiff's Improper Surreply (Filing No. 68). For the reasons stated below, the Motion is **denied**.

The Plaintiff, Ira White ("White"), initiated this action alleging violations of the Age Discrimination in Employment Act, Americans With Disabilities Act ("ADA"), and Family Medical Leave Act ("FMLA"). On January 28, 2021, Valeo filed a Motion for Summary Judgment (Filing No. 46). White filed his Response Brief on March 31, 2021 (Filing No. 61). On April 22, 2021, Valeo filed a Reply in Support of its summary judgment motion (Filing No. 64), and simultaneously submitted two new pieces of evidence that were not previously included with its Motion for Summary Judgment: (1) a Second Declaration of Jeff Thomas (Filing No. 63-1), and (2) White's Equal Employment Opportunity Commission ("EEOC") Charge (Filing No. 63-2). White then filed a Surreply in Opposition to the Summary Judgment Motion (Filing No. 67).

Valeo asks the Court to strike White's Surreply, asserting that it is improper as it fails to comply with Local Rule 56-1(d) and it merely re-argues White's legal claims in an attempt to

obtain the last word in the summary judgment briefing (Filing No. 68 at 1). The Court notes that Local Rule 56-1(d) provides:

> A party opposing a summary judgment motion may file a surreply brief only if the movant cites new evidence in the reply or objects to the admissibility of the evidence cited in the response. The surreply must be filed within 7 days after the movant serves the reply and must be limited to the new evidence and objections.

S.D. Ind. Local R. 56-1(d). In his Surreply, White asserts that Valeo submitted new evidence and he has a right to respond (Filing No. 67 at 1).

In its Motion to Strike, Valeo asserts that White fails to identify any new evidence or objections that he is responding to in his Surreply (Filing No. 68 at 2). Valeo points out that White makes no mention of the Second Declaration of Jeff Thomas and instead makes a series of legal arguments regarding his FMLA interference claim, his ADA discrimination claim, and his ADA failure to accommodate claim. *Id*. The only section of White's Surreply "even tangentially related to the new evidence," introduced by Valeo is "subsection C.ii, which discusses [White's] EEOC Charge." *Id*. However, Valeo notes, even that subsection of White's Surreply does not argue that the EEOC Charge is objectionable or inadmissible. *Id*.

Valeo asserts that White did not seek leave to file a Surreply that is beyond the scope of Local Rule 56-1(d). *Id*. It asks the Court strike White's Surreply in its entirety or, in the alternative, requests that all but subsection C.ii of the Surreply be stricken if the Court determines that it adequately addresses new evidence. *Id*. at 3.

In his Response, White contends that Valeo has made "numerous new objections and arguments in their reply brief for the first time". (Filing No. 71 at 2.) White asserts these objections and arguments include: (1) that White was never entitled to FMLA leave at the time of his termination; (2) White was not meeting Valeo's legitimate employment expectations; and (3) the entirely new defense that White waived his failure to accommodate claim. *Id*. at 2. White

specifically mentions Valeo's two new submissions and asserts that he is entitled to file his Surreply, and it should not be stricken. *Id*.

In reply, Valeo disputes that it raised new arguments and instead "expanded on prior arguments and responded to those raised in opposition by [White] in his Response." (Filing No. 72 at 2.) Valeo asserts that White's Surreply "does nothing more than attempt to have the last word in the argument", demonstrating "improper gamesmanship" that requires the Surreply to be "struck in its entirety." *Id*. at 3.

As noted by this Court, the "purpose for having a motion, response and reply is to give the movant the final opportunity to be heard and to rebut the non-movant's response, thereby persuading the court that the movant is entitled to the relief requested by the motion." *Best v. Safford*, No. 1:16-cv-02549-TWP-MJD, 2018 WL 1794911, at *2 (S.D. Ind. Apr. 16, 2018) (quoting *Lady Di's, Inc. v. Enhanced Servs. Billing, Inc.*, 2010 U.S. Dist. LEXIS 29463, at *4, 2010 WL 1258052 (S.D. Ind. Mar. 25, 2010). Pursuant to Local Rule 56-1(d) "[w]here a surreply is permitted, it must be limited to the new evidence or objections." *Id*.

The district court's decision on a motion to strike should not be arbitrary or unreasonable. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1141 (7th Cir. 2009). As correctly noted by White, "[T]he general rule [is] that motions to strike are disfavored." *Heller Financial, Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). It is the overall inclination of the court to "always allow litigants a full and fair opportunity to respond to arguments made by their adversary, including allowing surreplies." *Chaib v. GEO Grp., Inc.*, 92 F. Supp. 3d 829, 835 (S.D. Ind. 2015), *aff'd*, 819 F.3d 337 (7th Cir. 2016); *see e.g.*, *Pike v. Caldera*, 188 F.R.D. 519, 535 (S.D. Ind. 1999). However, where the surreplies do not address newly raised evidence or arguments, or otherwise responds to objections as outlined by the local rules, such

surreplies are not allowed, *see id.*, at *835 ("[S]urreplies are not allowed under the local rules unless they are to address newly raised evidence or arguments, or respond to objections raised in the reply.").

Here, White's Surreply is not limited to new evidence and objections. While the Surreply largely restates the arguments in his Response and does not mention or address the Second Declaration of Jeff Thomas ([Filing No. 63-1](#)), it does address or object to the submission of White's EEOC Charge ([Filing No. 63-2](#)) in subsection C.ii. Moreover, the Surreply does present some new arguments not raised by Valeo in its summary judgment brief. For these reasons, the Court declines the request to entirely strike the Surreply, and assures the parties that its review of the Surreply will be limited to newly raised arguments only. Accordingly, the Motion to Strike is **denied.**

## CONCLUSION

For the reasons stated above, the Court **DENIES** Valeo's Motion to Strike Plaintiff's Surreply ([Filing No. 68](#)).

**SO ORDERED**.

Date: 10/29/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Amber K. Boyd
AMBER K. BOYD ATTORNEY AT LAW
amber@amberboydlaw.com

Sarah Elizabeth Larimer
AMBER BOYD LAW
sarah@amberboydlaw.com

Amy Suzanne Wilson
FROST BROWN TODD LLC (Indianapolis)
awilson@fbtlaw.com